**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Andrew Delaney,<br>Plaintiff,<br>v.<br>US Bank NA,<br>Defendant. | No. CV-26-07669-PHX-DJH<br><br>**ORDER** |

*Pro se* Plaintiff Andrew Delaney ("Plaintiff") filed an Application to Proceed in District Court Without Prepaying Fees or Cost (Doc. 6). Upon review, Plaintiff's Application, signed under penalty of perjury, indicates that he is financially unable to pay the filing fee. The Court will grant Plaintiff's Application and allow his to proceed *in forma pauperis* ("IFP"). The Court will proceed to screen Plaintiff's Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2).

## I. Legal Standard

When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[1] In conducting this review, "section 1915(e) not only

[1] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*,

permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).

Federal Rule of Civil Procedure 8(a) requires complaints to make "a short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, 'the defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

A complaint is frivolous if it is based on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–30 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (dismissal is also appropriate when the facts alleged are "clearly baseless," "fanciful," "fantastic," or "delusional"). This Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 328.

The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule, however, does not apply to legal conclusions. *Iqbal*, 556 U.S. at 678. The Court is mindful that it must "construe *pro se* filings liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763-64 (9th Cir. 2014)

---

§1915(e) applies to all *in forma pauperis* proceedings, not just those filed by prisoners." *Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n. 7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]")).

(quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

**II. Discussion**

Plaintiff's Complaint is unclear at best, but from what can be discerned, it centers around Plaintiff's efforts to get information from Defendant U.S. Bank ("Defendant") about money transfers that occurred in September and October of 2008. (*See* Doc. 1 at ¶¶ 1, 2, 7). Plaintiff claims that Defendant is "the successor in interest to Union Bank California" ("UBC"). (*Id.* at ¶ 6). And "[i]n September-October 2008, Plaintiff made high-value international transfers totaling $4.3 million from offshore accounts into UBC's Von Karman Branch in Irvine, California, credited to accounts held in the name of Signature Control Systems, Inc. (SCS). The three transfers were for approximately $1.95 million, $1.95 million, and $320,000 (but Defendant has the records). This total included $320,000 from Plaintiff's own foreign account, wired from DBS Bank (Hong Kong based) on fraudulent representations made by Jerry W. Neely." (*Id.* at ¶ 7). Plaintiff then states that, on March 22, 2024, he received "negotiable check instruments totaling $50,000" that were signed by "an authorized agent on behalf of Jerry W. Neely and Linda L. Neely (Robertson)[.]" (*Id.* at ¶ 10). Who either Neely party is or their relation to this case is not clear on the face of the Complaint.

Plaintiff then alleges that, in May 2026, he issued a "formal, comprehensive statutory and common-law demand" to Defendant's Board of Directors, CEO, "Lead Independent Director," and "Office of the the Corporate Secretary" requesting the production of all historical transaction logs, wire, receipts, and internal audit records relating to the $4.3 million in transfers processed through the Von Karman Branch[.]" (*Id.* at ¶ 11). Plaintiff followed up with his request from May through June of 2026, when Plaintiff ultimately granted Defendant "a strict 7-day final cure window for the production of the missing historical trace logs." (*See id.* at ¶¶ 12–16). Defendant allegedly did not comply with this deadline, and therefore Plaintiff brought this suit, alleging negligence, "negligent undertaking," aiding and abetting fraud, unjust enrichment, Fair Credit Billing Act/Truth in Lending Act, misappropriation of trade secrets, civil RICO, and civil

conspiracy claims. (*See id.* at ¶¶ 20–53).

Multiple issues abound with Plaintiff's Complaint. First, Plaintiff has not alleged a clear injury in fact. One of the essential components of the Article III case or controversy requirement is that a plaintiff have standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To demonstrate standing, a plaintiff must show: (1) that he "suffered an injury in fact" that is "concrete and particularized"; (2) "a causal connection between the injury and the conduct complained of"; and (3) that it is "likely ... that the injury will be redressed by a favorable decision." *Id.* at 560–61 (internal quotation marks omitted). Here, in the same allegation where Plaintiff states that $320,000 of his money was wired based on Neely's fraudulent representations, he states that he, himself, wired the money. (Doc. 1 at ¶ 7); *Intl. Partners for Ethical Care Inc v. Ferguson*, 146 F.4th 841, 848 (9th Cir. 2025) (self-inflicted harm insufficient to establish standing). Additionally, Plaintiff has not demonstrated any injury that is fairly traceable to Defendant. The failure to meet Plaintiff's arbitrary deadline, not imposed by any contract or law, is insufficient to demonstrate an injury in fact.

Moreover, the transfer of the $320,000 occurred approximately eighteen years ago, which is well outside the applicable statute of limitations for any claim alleged by Plaintiff. *See*, *e.g.*, *Satamian v. Great Divide Ins. Co.*, 545 P.3d 918, 926 (Ariz. 2024) (noting a two-year statute of limitations for negligence claims). Plaintiff's conclusory claim for tolling any statute of limitations for over ten years based on Defendant's fraud is insufficient. It is not clear when Plaintiff discovered the $320,000 transfer, but he has not plausibly alleged a reason why he was not able to access the account he presumably had with UBC to discover the transfer within the limitations period. *See Sullivan v. JP Morgan Chase Bank*, NA, 725 F. Supp. 2d 1087, 1093 (E.D. Cal. 2010) ("Plaintiffs' conclusory concealment allegations are insufficient to show the statute of limitations period is equitably tolled."). Therefore, all of Plaintiff's claims are presently time barred.

Similarly, Plaintiff has not plausibly alleged that Defendant would have access to or an obligation to retain documentation of money transfer involving a UBC bank account

around eighteen years ago.

Even setting all this aside, Plaintiff's claims suffer from a number of defects. For example, nowhere does Plaintiff assert that Defendant is a "creditor" as is required for the Truth in Lending Act to apply. *See Viernes v. Exec. Mortg., Inc.*, 372 F. Supp. 2d 576, 580–81 (D. Haw. 2004). While the voluntary undertaking doctrine is a means of establishing duty under Arizona law, *see Gann v. State*, 2022 WL 4542218, at *5 (Ariz. Ct. App. Sept. 29, 2022), it is not a stand-alone negligence claim. Plaintiff's misappropriation of trade secrets claim fails to assert a trade secret with the requisite specificity, nor does it allege sufficient facts to plausibly state misappropriation. Plaintiff also does not state how any "fraud" was aided and abetted over the course of eighteen years, and even more so, does not allege with specificity what said fraud is or was. His civil conspiracy claim also fails as it inherently requires more than one person or entity. *See Wells Fargo Bank v. Arizona Laborers, Teamsters and Cement Masons Loc. No. 395 Pension Tr. Fund*, 38 P.3d 12, 36–37 (Ariz. 2002) (stating the requirements of a civil conspiracy claim); *Ziglar v. Abbasi*, 582 U.S. 120, 153 (2017) ("an agreement between or among agents of the same legal entity, when the agents act in their official capacities, is not an unlawful conspiracy").

In short, Plaintiff's Complaint is dismissed for failure to establish Article III standing and for failure to properly plead the claims against Defendant. Additionally, Plaintiff's claims are time barred.

**III. Leave to Amend**

While the Court is skeptical of the viability of any amendments, Federal Rule of Civil Procedure 15(a) requires that leave to amend "be freely given when justice so requires." Fed. R. Civ. Proc. 15(a). Even if no request to amend the pleading is made, a court should grant leave to amend, unless it determines that other factual allegations could not possibly cure the pleading. *Yagman v. Garcetti*, 852 F.3d 859, 863 (9th Cir. 2017).

Therefore, if Plaintiff wishes to pursue this suit, he must amend his Complaint by making factual allegations showing she is entitled to relief. Plaintiff's amended complaint

should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure. [2]

**To be clear, Plaintiff's amended complaint "must articulate the exact legal theory of relief for each cause of action [she is] asserting by explaining: (1) the law or constitutional right [Plaintiff] believe[s] was violated; (2) the name of the party who violated that law or right; (3) exactly what that party did or failed to do; (4) how that action or inaction is connected to the violation of the law or any constitutional right; and (5) the exact injury [Plaintiff] suffered as a result of that conduct. [Plaintiff] must repeat this process for each theory underlying every specific cause of action."** *Casavelli v. Johanson*, 2020 WL 4732145, at *10 (D. Ariz. Aug. 14, 2020).

Plaintiff is further advised that, if he elects to file an amended complaint but fails to comply with the Court's instructions, the action will be dismissed under section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)).

Accordingly,

**IT IS HEREBY ORDERED** that the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is **DISMISSED** with leave to file a First Amended Complaint by **December 11, 2026.**

**IT IS FURTHER ORDERED** that if Plaintiff does not file a First Amended Complaint by **December 11, 2026**, the Clerk of Court shall dismiss this action without further order of this Court.

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] Information for individuals filing without an attorney may be found on the District Court's web page at www.azd.uscourts.gov/.

**IT IS FINALLY ORDERED** that if Plaintiff elects to file a First Amended Complaint, it may not be served until and unless the Court issues an Order screening the amended complaint pursuant to 28 U.S.C. § 1915(e)(2).

Dated this 13th day of November, 2026.

Honorable Diane J. Humetewa
United States District Judge